# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAMES MCINTIRE,<br>Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ALLY FINANCIAL INC., MICHAEL A. CARPENTER,<br>CHRISTOPHER A. BALMY, DAVID J. DEBRUNNER,<br>ROBERT T. BLAKELY, MAYREE C. CLARK, STEPHEN A.<br>FEINBERG, KIM S. FENNEBRESQUE, GERALD<br>GREENWALD, FRANKLIN W. HOBBS, BRIAN P.<br>MACDONALD, MARJORIE MAGNER, HENRY S. MILLER,<br>MATTHEW PENDO, CITIGROUP GLOBAL MARKETS INC.,<br>GOLDMAN, SACHS & CO., MORGAN STANLEY & CO.<br>LLC, BARCLAYS CAPITAL INC., MERRILL LYNCH,<br>PIERCE, FENNER & SMITH INCORPORATED, DEUTSCHE<br>BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC,<br>SANDLER O'NEILL & PARTNERS, L.P., KEEFE,<br>BRUYETTE & WOODS, INC., CREDIT SUISSE SECURITIES<br>(USA) LLC, EVERCORE GROUP L.L.C., RBC CAPITAL<br>MARKETS, LLC, SCOTIA CAPITAL (USA) INC., CREDIT<br>AGRICOLE SECURITIES (USA) INC., RAYMOND JAMES &<br>ASSOCIATES, INC., SG AMERICAS SECURITIES, LLC,<br>GUGGENHEIM SECURITIES, LLC, SANFORD C.<br>BERNSTEIN & CO., LLC, GLOBAL HUNTER SECURITIES,<br>LLC, HEIGHT SECURITIES, LLC, JMP SECURITIES LLC,<br>LOOP CAPITAL MARKETS LLC, BLAYLOCK BEAL VAN,<br>LLC, CASTLEOAK SECURITIES, L.P., MISCHLER<br>FINANCIAL GROUP, INC., THE WILLIAMS CAPITAL<br>GROUP, L.P., C.L. KING & ASSOCIATES, INC.,<br>LEBENTHAL & CO., LLC, MFR SECURITIES, INC.,<br>SAMUEL A. RAMIREZ & COMPANY, INC., DREXEL<br>HAMILTON, LLC, MURIEL SIEBERT & CO., INC.,<br>TELSEY ADVISORY GROUP LLC, TOUSSAINT CAPITAL<br>PARTNERS, LLC, ACADEMY SECURITIES INC.,<br>FREEMAN & CO. SECURITIES LLC, and WM SMITH & CO.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Ally Financial Inc. ("Ally"), by its undersigned counsel, hereby gives notice and removes the above-captioned action, and all claims and causes of action therein, from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan.  Ally states that, pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to removal of the action.[1]  Ally appears (and other defendants consent) for the purpose of removal only and for no other purpose, and reserves all rights and defenses available to it, including those based on lack of personal jurisdiction.[2]

---

[1]     The Sixth Circuit has held that all defendants do not need to separately submit a paper expressing concurrence.  *Cadez* v. *Residential Credit Sols., Inc.*, 2013 WL 2238486, at *3 (E.D. Mich. May 21, 2013) ("Rule 11 does not prohibit counsel for the removing defendant to represent a co-defendant's consent on behalf of that co-defendant.  A co-defendant that consents to removal is also not required 'to submit a pleading, written motion, or other paper directly expressing that concurrence.'") (citing *Harper* v. *AutoAlliance Int'l, Inc*., 392 F.3d 195, 201-02 (6th Cir. 2004)).

[2]     *See*, *e.g*., *Morris & Co.* v. *Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived.  Our decisions are to the contrary."); *Full Spectrum Sols., Inc.* v. *Harmony Lighting, Inc.*, 2007 WL 1218719, at *1 (E.D. Mich. Apr. 23, 2007) ("Regarding removal of an action to federal court, [here] a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court."); *Speckine* v. *Stanwick Int'l, Inc*., 503 F. Supp. 1055, 1059 (W.D. Mich. 1980) ("This Court . . . rejects plaintiff's contentions that defendant has consented to jurisdiction by removing the action from state court.").

Ally respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

## NATURE OF THE ACTION

1.      On March 2, 2017, Plaintiff James McIntire ("Plaintiff") initiated this putative class action by filing a complaint (the "Complaint") in the Wayne County Circuit Court, No. 17-003811-CZ, which is attached hereto as Exhibit A.  Ally has not yet been served with a copy of the summons and complaint.

2.      Plaintiff asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k; 15 U.S.C. § 77l(a)(2); 15 U.S.C. § 77o.  (Ex. A, Compl. ¶¶ 97-119.)  Plaintiff seeks to recover based upon investment losses it claims to have suffered that were allegedly the result of risks that were not fully disclosed in the Registration Statement and the Prospectus Supplement filed with the United States Securities and Exchange Commission in connection with Ally's April 11, 2014 Initial Public Offering ("the Offering").  (Ex. A, Compl. ¶¶ 84-88.)

3.      Two putative class actions containing substantially similar allegations to the Complaint were filed in state court—one in Wayne County Circuit Court and the other in Oakland County Circuit Court—and were removed to this Court.  *See Bucks County Employees Retirement Fund* v. *Ally Financial Inc.*, *et al.*, No.

5:16-cv-14104 (E.D. Mich.); *National Shopmen Pension Fund* v. *Ally Financial Inc.*, *et al.*, No. 5:17-cv-10289 (E.D. Mich.).

## BASIS FOR FEDERAL JURISDICTION

4.     "As a general rule, cases falling within the court's federal question jurisdiction . . . are removable under 28 U.S.C. §§ 1441 and 1446." *Hung* v. *Idreamsky Tech. Ltd.*, 2016 WL 299034, at *1 (S.D.N.Y. Jan. 25, 2016).   The Securities Act provides that the "district courts of the United States" have jurisdiction over suits brought under the Act.  15 U.S.C. § 77v(a).

5.     The Securities Act, as amended by the Securities Litigation Uniform Standards Act ("SLUSA") of 1998, also divests state courts of jurisdiction over "covered class actions" filed under the Securities Act.   SLUSA was passed to "make[] Federal court the exclusive venue for most securities class action lawsuits."  H.R. Rep. No. 105-803 (Conf. Rep.) (1998) at 13.  To accomplish this goal, the Securities Act now provides, in relevant part as amended, that "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . , concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions."  15 U.S.C. § 77v(a).

6.     A "covered class action" is defined in 15 U.S.C. § 77p(f)(2)(A) to include a "single lawsuit" in which "damages are sought on behalf of more than 50

persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A).

7.    In the Complaint, plaintiff seeks damages "on behalf of a Class consisting of all persons and/or entities who purchased or otherwise acquired the ordinary shares of Ally pursuant and/or traceable to the Company's false and/or misleading registration statement and prospectus issued in connection with the Company's IPO, and who were damaged thereby."  (Ex. A, Compl. ¶ 77.)  Plaintiff alleges that it "believes that there are hundreds or thousands of members in the proposed Class" and that "[c]ommon questions of law and fact exist as to all members of the Class and predominate."  (*Id.* ¶¶ 78, 81.)  Thus, Plaintiff alleges that this case is a "covered class action."

8.    As a result, pursuant to 15 U.S.C. § 77v(a), federal courts have exclusive jurisdiction over the case.  *See*, *e.g.*, *Gaynor* v. *Miller*, 2016 WL 6078340, at *9 (E.D. Tenn. Sept. 8, 2016) (state court "lacks jurisdiction over this covered class action as the suit solely alleges federal claims"); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("SLUSA amended § 77v(a) to divest

state courts of concurrent jurisdiction over covered class actions and to provide for removal of these cases to federal court.").[3]

### REMOVAL UNDER 28 U.S.C. § 1441, TIMELINESS, AND VENUE

9.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this federal question case under 28 U.S.C. § 1331.

10.      Venue is proper in this Court under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division within which this action is pending.

11.      Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within 30 days after service on Ally of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

---

[3]      Courts disagree on the proper interpretation of 15 U.S.C. § 77v(a).  *See*, *e.g*., *Hung*, 2016 WL 299034, at *2, 4 (holding a state court "is not a court of competent jurisdiction under § 77v(a), the bar on removal does not apply, and the case is removable," and citing cases reaching contrary conclusion); *Kulinski* v. *Am. Elec. Power Co*., No. 02-03-412, slip op. at 3-4 (S.D. Ohio Jan. 7 2004) (noting disagreement among courts and agreeing with magistrate judge's conclusion that removal was proper).  No federal appellate court has ruled on the proper interpretation of this statutory language.  There is, however, a pending petition for a writ of certiorari from a California state court decision, filed with the United States Supreme Court, asking the Court to address the proper interpretation and application of 15 U.S.C. § 77v(a).  *See* Petition for Writ of Certiorari, *Cyan, Inc*., v. *Beaver Cty. Employees Retirement Fund*,  No. 15-1439, filed May 24, 2016, 2016 WL 3040512.

## EFFECTUATION OF REMOVAL AND
## APPLICABLE PROCEDURAL REQUIREMENTS

12.     Ally hereby removes this action to the United States District Court for the Eastern District of Michigan.

13.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint is attached hereto as Exhibit A.

14.     Pursuant to 28 U.S.C. § 1446(d), Ally is providing a written Notice of Filing of Notice of Removal to all adverse parties in the form attached as Exhibit B.

15.     Pursuant to 28 U.S.C. § 1446(d), Ally will file a written Notice of Filing of Notice of Removal with the Clerk of the Court of the Circuit Court of Wayne County, Michigan, in the form attached as Exhibit B.

16.     The allegations of this Notice of Removal were true at the time this action was commenced in state court and remain true as of the date of filing of this Notice of Removal.

17.     No admission of fact is intended by this Notice of Removal, and Ally expressly reserves all defenses and motions otherwise available to it.

18.     Defendants reserve the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

WHEREFORE, Defendants hereby remove this action to the United States District Court for the Eastern District of Michigan.

Dated: March 15, 2017

Daryl A. Libow
Elizabeth A. Cassady
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, DC  20006
Tel.: (202) 956-7500
Fax: (202) 956-6330
libowd@sullcrom.com
cassadye@sullcrom.com

Marc De Leeuw
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
deleeuwm@sullcrom.com

/s/ Thomas M. Schehr
Thomas M. Schehr
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Tel.: (313) 568-6659
Fax: (313) 568-6893
tschehr@dykema.com

James P. Feeney
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
Tel.:  (248) 203-0841
Fax:  (248) 203-0763
Jfeeney@dykema.com

*Attorneys for Defendants Ally Financial Inc., Michael A. Carpenter, Christopher A. Balmy,  David J. Debrunner, Robert T. Blakely, Mayree C. Clark, Stephen A. Feinberg, Kim S. Fennebresque, Gerald Greenwald, Franklin W. Hobbs, Brian P. MacDonald, Majorie Magner, Henry S. Miller, and Mathew Pendo*

-8-

## <u>CERTIFICATE OF SERVICE</u>

        This is to certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record pursuant to the Federal Rules of Civil Procedure on this 15th day of March, 2017.

        David H. Fink (P28235)
        Darryl Bressack (P67820)
        Schuyler von Oeyen (P74048)
        FINK + ASSOCIATES LAW
        38500 Woodward Ave., Suite 350
        Bloomfield Hills, MI  48304

        Lionel Z. Glancy
        Robert V. Prongay
        Lesley F. Portnoy
        Charles H. Linehan
        GLANCY PRONGAY & MURRAY LLP
        1925 Century Park East, Suite 2100
        Los Angeles, CA  90067

        */s/ Thomas M. Schehr*
        Thomas M. Schehr
        DYKEMA GOSSETT PLLC
        400 Renaissance Center
        Detroit, MI  48243
        Tel.: (313) 568-6659
        Fax: (855) 255-1528
        tschehr@dykema.com