**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

James Mcintire,

                Plaintiff,      Case No. 17-cv-10833

v.                        Judith E. Levy
                            United States District Judge

Ally Financial Inc., *et al.*,

                       Mag. Judge Mona K. Majzoub

                Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [54]

In its opinion and order granting plaintiff's motion to remand this case to Michigan state court, the Court noted that defendants referenced *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund.*, No. 15-1439, in which a petition for a writ of certiorari is now pending before the United States Supreme Court. *Nat'l Shopmen Pension Fund v. Ally Financial*, Case No. 17-cv-10289, Dkt. 57 at 4 n.1. Defendants did not seek or mention the prospect of staying the case. The Court noted that "[a]lthough defendants do not expressly seek a stay, the Court would decline to stay this case at this juncture regardless, given the uncertainty of a grant of certiorari." *Id.*

Defendants have filed a motion for reconsideration seeking to have the Court vacate the order remanding the case, maintain jurisdiction over the case, and stay it indefinitely if the Supreme Court grants certiorari on June 26, 2017.  (Dkt. 54.)  Although defendants mention Fed R. Civ. P. 59 and 60, the motion is titled "motion for reconsideration" and was filed within 14 days of the Court's final order, so will be treated as a motion for reconsideration under E.D. Mich. Local R. 7.1(h)(3).

The Local Rules for the Eastern District of Michigan state that a party filing a motion for reconsideration "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(h)(3).  "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)).

First, the Court cannot reconsider a decision on a request that was never actually made. Defendants did not request a stay pending a certiorari decision on *Cyan*.

Second, defendants have filed what is effectively a placeholder motion. The Court can grant no relief at this time, and it is unclear if the relief of a stay could ever be granted, given that the prerequisite to that has not occurred. Defendants ask the Court to, in the future, undo a remand of a case that will have been proceeding in state court for several weeks, if not longer, and over which the Court has already determined that it has no jurisdiction.

Third, the Court would also deny the stay at this point because the uncertainty of the delay would prejudice plaintiffs and prevent them from proceeding with their case in a court of competent jurisdiction. The proper route for defendants to take is to seek a stay in Michigan state court, where this suit has been remanded and is currently proceeding.

Defendants have not demonstrated that the Court made any palpable defect within the meaning of Local Rule 7.1(h)(3). Accordingly,

and for the reasons set forth above, it is ordered that defendants' motion for reconsideration (Dkt. 54) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2017                          s/Judith E. Levy
Ann Arbor, Michigan                           JUDITH E. LEVY
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2017.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

4